UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REX M. LUTTON,<br>        Petitioner,<br>        v.<br>U.S. PAROLE COMMISSION,<br>        Respondent. | Case No. 21-cv-01679-SI<br><br>**ORDER TO SHOW CAUSE** |

Rex Lutton, a federal inmate currently housed at the Santa Rita Jail in Dublin, California, filed this *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Venue is proper in this district because he is confined in a county in this district. *Id.* at § 2241(d).

**BACKGROUND**

Rex Lutton first was sentenced so long ago that he is subject to the federal parole system. He currently is in custody awaiting a parole rescission hearing. He alleges the following in his petition for writ of habeas corpus:

Lutton received a 30-year sentence in 1984 in the Eastern District of California for bank robbery and escape. Following his original release on an unstated date, he suffered additional federal convictions, including a 2005 conviction in the Northern District of California for escape. *See United States v. Lutton*, N.D. Cal. Case No. 05-cr-394 SI. In or about 2009, Lutton was found by the United States Parole Commission (USPC) to have violated his federal parole on the 1984 conviction and was ordered to serve time in federal prison, with an effective parole date of October 11, 2011.

Before he reached that parole date, he was released in or about August 2011 from a federal

prison to finish serving his sentence in a community corrections facility.

In August 2011, Lutton was charged in Los Angeles County Superior Court with three counts of robbery. He pled guilty to one count in December 2011 and apparently was sentenced to 15 years in state prison.

While in state custody, in or around 2012, Lutton asked the USPC to act on a detainer the USPC had against him. The USPC declined to take action while Lutton was still in state custody.

On or about November 19, 2020, Lutton was released from state custody and was promptly picked up by the U.S. Marshal based, apparently, on a warrant from the USPC.

The USPC issued a "Notice of Action" on December 9, 2020. The Notice stated that Lutton had been on "[e]scape status for approximately nine years" before being "apprehended" by the Marshal on November 19, 2020. Docket No. 1-1 at 5. The Notice further stated that the USPC ordered: "Reopen and retard parole effective date of October 11, 2011 nunc pro tunc, and schedule for a Rescission hearing on the next available docket." *Id.*

Lutton has remained in custody in Santa Rita Jail since November 25, 2020, and has not yet had a rescission hearing or any indication when a hearing might be held.

**DISCUSSION**

This Court may entertain a petition for writ of habeas corpus challenging the execution of a federal sentence on the ground that the sentence is being executed "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A district court considering an application for writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

Parolees are constitutionally entitled to limited due process rights before their parole is revoked. *See Morrissey v. Brewer*, 408 U.S. 471 (1972). The Second Circuit has held that a subset of these rights also are required in federal parole rescission proceedings, including written notice of

1  the hearing, charges, and procedural rights; disclosure of relevant documents; counsel; opportunity
2  to be heard; ability to confront and cross-examine adverse witnesses; and a written decision.  *See*
3  *Green v. McCall*, 822 F.2d 284, 287 (2d Cir. 1987).  The USPC's rescission regulation also require
4  procedural protections for the parolee.  *See id.*; *see also* 28 C.F.R. §2.34(a).

Lutton alleges that the USPC violated his right to due process and its own regulations by (a) not providing him with a prompt rescission hearing and (b) "reopen[ing] and retard[ing]" the October 11, 2011 parole date without providing any procedural protections for Lutton.  He contends that, as a consequence, he is entitled to immediate release from custody.  Docket No. 1 at 6, 8.   (He does not seek a rescission hearing.)  Liberally construed, the allegations of the petition state cognizable claims for violations of Lutton's constitutional right to due process and his rights under the USPC's regulations.

## CONCLUSION

For the foregoing reasons,

1. The petition states cognizable claims for habeas relief.

2. The clerk will serve a copy of this order, the petition and all attachments to the petition upon Respondent and Respondent's attorney, the United States Attorney for the Northern District of California.  The clerk also will send by mail a copy of the petition to the Attorney General of the United States in Washington, D.C.  The clerk also will serve by mail a copy of this order to the petitioner.

3. Respondent must file and serve upon Petitioner, on or before **May 14, 2021,** an answer responding to the allegations of the petition and showing cause why a writ of habeas corpus should not be issued.  Respondent must file with the answer a copy of all documents that are relevant to a determination of the issues presented by the petition.

4. If Petitioner wishes to respond to the answer, he must do so by filing a traverse and serving it on Respondent on or before **June 11, 2021**.

5. Petitioner is responsible for prosecuting this case.  Petitioner must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely

3

fashion. Petitioner is cautioned that he must include the case name and case number for this case on any document he files in this case.

**IT IS SO ORDERED**.

Dated: April 7, 2021

_____
SUSAN ILLSTON
United States District Judge