1

2

3            UNITED STATES DISTRICT COURT

4            NORTHERN DISTRICT OF CALIFORNIA

5

6    REX M. LUTTON,                          Case No.  21-cv-01679-SI (pr)

7                 Petitioner,

8          v.                                **ORDER GRANTING RESPONDENT'S
                                              MOTION TO DISMISS; AND
9    U.S. PAROLE COMMISSION,                  DISMISSING PETITION AS MOOT**

10                Respondent.                 Re: Dkt. No. 12

11

12         Rex Lutton, a federal inmate currently housed at the United States Penitentiary - Victorville,

13   filed this *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  At the time he

14   filed the petition, Lutton was housed at the Santa Rita Jail in Dublin, California, and thus the Court

15   determined that venue was proper in this district because he was confined in a county in this district.

16   Dkt. No. 4 at 1 (citing 28 U.S.C. § 2241(d)).  The Court issued an order to show cause why the

17   petition for writ of habeas corpus should not be granted, respondent filed an answer along with a

18   motion to dismiss the petition as moot, Lutton filed a traverse, and respondent filed a response.  For

19   the reasons discussed below, the petition for a writ of habeas corpus will be DISMISSED as moot.

20

21                              **BACKGROUND**

22         The following background is taking from the Court's order dated April 7, 2021:

23         Lutton received a 30-year sentence in 1984 in the Eastern District of California for
           bank robbery and escape.  Following his original release on an unstated date, he

24

25         _____

26         [1] Lutton had originally filed a "petition for writ of habeas corpus under 28 U.S.C. § 2241 or,
     alternatively, motion for compassionate release" in his criminal case, and the Court separated the
27   petition into two motions and directed that this civil case be opened for the habeas petition.  Dkt.
     Nos. 1, 4; *see also* Dkt. No. 36 in *United States v. Lutton*, Case No. 05-cr-394-SI.  The Court handled
     the motion for compassionate release in his criminal case, and denied the motion on August 9, 2021.
28   *See* Dkt. No. 54 in *United States v. Lutton*, Case No. 05-cr-394-SI.  Thus, the Court need not address
     Lutton's motion for compassionate release in this action.

*United States District Court*
*Northern District of California*

United States District Court
Northern District of California

suffered additional federal convictions, including a 2005 conviction in the Northern District of California for escape. *See United States v. Lutton*, N.D. Cal. Case No. 05-cr-394 SI.   In or about 2009, Lutton was found by the United States Parole Commission (USPC) to have violated his federal parole on the 1984 conviction and was ordered to serve time in federal prison, with an effective parole date of October 11, 2011.

Before he reached that parole date, he was released in or about August 2011 from a federal prison to finish serving his sentence in a community corrections facility.

In August 2011, Lutton was charged in Los Angeles County Superior Court with three counts of robbery.   He pled guilty to one count in December 2011 and apparently was sentenced to 15 years in state prison.

While in state custody, in or around 2012, Lutton asked the USPC to act on a detainer the USPC had against him.   The USPC declined to take action while Lutton was still in state custody.

On or about November 19, 2020, Lutton was released from state custody and was promptly picked up by the U.S. Marshal based, apparently, on a warrant from the USPC.

The USPC issued a "Notice of Action" on December 9, 2020.   The Notice stated that Lutton had been on "[e]scape status for approximately nine years" before being "apprehended" by the Marshal on November 19, 2020. Dkt. No. 1-1 at 5.   The Notice further stated that the USPC ordered:   "Reopen and retard parole effective date of October 11, 2011 nunc pro tunc, and schedule for a Rescission hearing on the next available docket."   *Id.*

Dkt. No. 4 at 1-2.

On February 19, 2021, the date Lutton filed his petition, he alleged that he had remained in custody in Santa Rita Jail since November 25, 2020, and had not yet had a rescission hearing or any indication when a hearing might be held.  *See* Dkt. No. 1.

In its April 7, 2021 Order to Show Cause, the Court stated as follows: Lutton alleged that "the USPC violated his right to due process and its own regulations by (a) not providing him with a prompt rescission hearing and (b) "reopen[ing] and retard[ing] the October 11, 2011 parole date without providing any procedural protections for [him]." Dkt. No. 4 at 3.  Lutton "contends that, as a consequence, he is entitled to immediate release from custody."  *Id.* (citing Dkt. No. 1 at 6, 8). Lutton did not specifically seek a rescission hearing.  *Id.*  The Court concluded that, "[l]iberally construed, the allegations of the petition state cognizable claims for violations of Lutton's constitutional right to due process and his rights under the USPC's regulations."  *Id.*  Thus, the Court construed the petition as Lutton's challenge to the USPC's authority to rescind his October 11, 2021 presumptive parole date, and to its delay in providing him with a prompt recission hearing.

In the response to the Order to Show Cause, respondent provides the following updated information:   On May 4, 2021, the USPC held Lutton's rescission hearing.  Dkt. 12 at 5 (citing Resp't Ex.[2] 39, (Prehearing and Hearing Assessment at 5)).  After the hearing, the USPC ordered that Lutton serve until the expiration of his sentence which has a full term date of December 15, 2027.  *Id.* (citing Resp't Ex. 40, (Notice of Action dated 5/24/2021); Resp't Ex. 2, (Sentence Monitoring and Computation Data at 2)).  Pursuant to 18 U.S.C. § 4208(h), the USPC will issue a rehearing relating to Lutton for parole consideration every two years from May 4, 2021.  *Id.*  Lutton's next statutory interim parole hearing will be in May 2023.  *Id.*

## LEGAL STANDARD

This Court may entertain a petition for writ of habeas corpus challenging the execution of a federal sentence on the ground that the sentence is being executed "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).

Parolees are constitutionally entitled to limited due process rights before their parole is revoked.  *See Morrissey v. Brewer*, 408 U.S. 471 (1972).  The Second Circuit has held that a subset of these rights also are required in federal parole rescission proceedings, including written notice of the hearing, charges, and procedural rights; disclosure of relevant documents; counsel; opportunity to be heard; ability to confront and cross-examine adverse witnesses; and a written decision.  *See Green v. McCall*, 822 F.2d 284, 287 (2d Cir. 1987).  The USPC's rescission regulation also require procedural protections for the parolee.  *See id.*; *see also* 28 C.F.R. §2.34(a).

## DISCUSSION

Before the Court is respondent's motion to dismiss the petition as moot.  Dkt. No. 12.

---

[2] Respondent initially filed exhibits in support of the motion to dismiss as an attachment to the motion under Docket No. 12-1, but thereafter requested to remove the exhibits because personally identifiable information was inadvertently not redacted. Dkt. No. 21. The Court granted respondent's request to remove Docket No. 12-1. *See* Dkt. No. 24. Respondent then filed the "Redacted Exhibits and Certification in Support of Respondent's Response to Order to Show Cause; Motion to Dismiss Petition as Moot [Redacted Version of Documents Previously Filed at ECF No. 12-1]," which is under Docket No. 20, and the Court will cite to those redacted exhibits in this order. *See* Dkt. No. 20.

United States District Court
Northern District of California

Respondent argues that "[b]ecause the only relief available to this Court for the USPC's delay in conducting [Lutton's] rescission hearing is to issue a writ of mandamus ordering the USPS to conduct [Lutton's] rescission hearing, and the hearing has now been held, the relief available to [Lutton] is now moot." *Id.* at 2 (citing *Berg v. U.S. Parole Com'n*, 735 F.2d 378, 379 n. 3 (9th Cir. 1984) and *Sutherland v. McCall*, 709 F.2d 730, 732 (D.C. Cir. 1983)).  As further explained below, the Court agrees with respondent.  Based on the Court's understanding of the petition and the respondents' submission, it appears that the USPC acted within the scope of its authority and that Lutton has received the relief to which he is entitled.

"The jurisdiction of [the USPC] over a parolee shall expire on the date of expiration of the maximum term or terms for which he was sentenced."  28 C.F.R. § 2.92(a).  Where, as here, the USPC set a presumptive parole date, a prisoner's "actual release on parole on that date shall be conditioned upon . . . maintaining a good conduct record in the institution or prerelease program to which the [petitioner] has been assigned."  *Id.* § 2.86(a).  "The Commission may reconsider any grant of parole prior to the prisoner's actual release on parole, and may advance or retard a parole effective date or rescind a parole date previously granted based upon the receipt of any new and significant information concerning the prisoner, including disciplinary infractions."  *Id.* § 2.86(b). It also "may retard a parole date for disciplinary infractions (e.g., to permit the use of graduated sanctions) for up to 120 days without a hearing."  *Id.*  And "[i]f a parole effective date is rescinded for disciplinary infractions, an appropriate sanction shall be determined by reference to § 2.36."  *Id.* § 2.86(c).  Sanctions for escape include incarceration for eight to sixteen months, *id.* § 2.36(a)(2)(i), "added to the time required by the original presumptive or effective date."  *Id.* § 2.36(a).

When the USPC revokes a parolee's parole, the USPC has the option to not credit the time spent in the community or serving a new criminal sentence before the execution of a USPC parole violator warrant towards the service of the parole eligible sentence.[3]  *See id.* § 2.52(c).  Whenever the USPC revokes parole and orders that the time spent in the community or serving another criminal

---

[3] If a parolee receives a new criminal conviction while on parole, the USPC has determined that it is not obligated to credit the time a parolee spent in the community towards the service of a parole eligible sentence before the execution of the USPC warrant for the parole violations.  *See* 28 C.F.R. § 2.52(c)(2); *see also* 18 U.S.C. § 4210(b)(2).

1    sentence is not credited toward the service of a parole eligible sentence, the BOP will reset the

2    expiration date of the sentence adding the days spent between the date of last parole and the date of

3    the USPC's warrant execution to the end of the parole eligible sentence.  *See* § 2.52(c); *see also* 28

4    § 2.47(e)(2) (the service of a new criminal sentence tolls the parole eligible sentence until the

5    intervening criminal sentence is completed); Resp't Ex. 2, (Sentence Monitoring and Computation

6    Data at 2-15).  Additionally, when a parole eligible prisoner escapes from custody, his sentence is

7    tolled until he is returned to federal custody.  *See Henrique v. U.S. Marshal*, 653 F.2d 1317,

8    1322 (9th Cir. 1981) (citing *Schiffman v. Wilkinson*, 216 F.2d 589, 591 (9th Cir. 1954)).

9        Here, the USPC originally paroled Lutton from his aggregated sentences in Case No. CR-S-

10   84-60 and Case No. S-84-218 on January 10, 2003.  Resp't Ex. 7, (Parole Certificates dated

11   12/19/2002).  Lutton was scheduled to remain on parole until April 10, 2014, however, he committed

12   parole violations before he completed his term of parole.  Resp't Ex. 8, (Warrant Application dated

13   7/5/2007); Resp't Ex. 9, (Warrant signed 7/5/2007).  After the USPC's warrant was executed, the

14   USPC ordered that Lutton's parole be revoked and that he receive no credit for the time he spent on

15   parole starting January 10, 2003 until the date the USPC's parole violator warrant was executed.

16   Resp't Ex. 16, (Corrected Notice of Action dated 2/9/2009).  The USPC then re-paroled Lutton on

17   April 9, 2009 and adjusted the expiration date of his parole to June 9, 2018 to correspond to the

18   expiration date of his recalculated sentence from Case No. CR-S-84-60 and Case No. S-84-218.

19   Resp't Ex. 17, (Parole Certificates dated 3/28/2009); Resp't Ex. 2, (Sentence Monitoring and

20   Computation Data at 5).

21       The pattern of the USPC re-paroling Lutton, issuing a warrant for Lutton's arrest for parole

22   violations, and then revoking Lutton's parole—while not crediting the time spent between his last

23   release from prison until the date of execution of the USPC's warrant—occurred two more times.

24   Resp't Ex. 18, (Warrant Application dated 7/29/2009); Resp't Ex. 19, (Warrant signed 7/29/2009);

25   Resp't Ex. 25, (Notice of Action dated 1/22/2010); Resp't Ex. 26, (Parole Certificates dated

26   4/9/2010); Resp't Ex. 27, (Warrant Application dated 7/15/2010); Resp't Ex. 28, (Warrant signed

27   7/15/2010); Resp't Ex. 29, (Warrant Supplement dated 7/15/2010); Resp't Ex. 32, (Notice of Action

28   dated 3/23/2011).  Each time the BOP recalculated the expiration date of Lutton's sentences from

United States District Court
Northern District of California

Case No. CR-S-84-60 and Case No. S-84-218.   Resp't Ex. 2, (Sentence Monitoring and Computation Data at 3-8).   However, before the USPC could give Lutton a re-parole effective date and issue him new parole certificates updating the expiration of his term of parole, Lutton escaped from the custody of the BOP on August 16, 2011.   Resp't Ex. 33, (Escape Notice Letter dated 8/16/2011); Resp't Ex. 34, (Escape Status Letter); Resp't Ex. 35, (BOP Notice of Escape dated 8/17/2011); Resp't Ex. 2, (Sentence Monitoring and Computation Data at 2).   Because of Lutton's escape on August 16, 2011, the BOP tolled the running of Lutton's sentences in Case No. CR-S-84-60 and Case No. S-84-218 until he was returned to federal custody on November 19, 2020.   Resp't Ex. 2, (Sentence Monitoring and Computation Data at 2); *see Henrique*, 653 F.2d at 1322.

As mentioned above, after Lutton's May 4, 2021 rescission hearing, the BOP readjusted the expiration date of Lutton's sentences in Case No. CR-S-84-60 and Case No. S-84-218 to December 15, 2027 to reflect the day-for-day time Lutton was in escape status.   Resp't Ex. 2, (Sentence Monitoring and Computation Data at 2).   Furthermore, the USPC was not required to revoke his parole because the USPC never paroled Lutton prior to his escape. *See Alexander v. U.S. Parole Com'n*, 721 F.2d 1223, 1228 (9th Cir. 1983) (District court properly rejected the petitioner's request for an order directing the USPC to conduct a speedy revocation hearing, because he was not on parole when he was arrested for a crime against the state of Oregon.).   According to respondent, the USPC retains the jurisdiction to hold Lutton in confinement until April 4, 2025 when he is projected to complete his thirty-year aggregated parole eligible sentences based on the accrual of statutory good time credits.   Dkt. No. 12 at 8.   Respondent adds that "the USPC also retains jurisdiction over Lutton and holds the discretion to decline to re-parole Lutton meaning that Lutton would not be released from BOP custody until April 4, 2025." *Id.*

In his petition, Lutton claims that he asked the USPC to review the USPC's warrant lodged as a detainer in 2012, as required by 28 C.F.R. § 2.47(a).[4] *See* Dkt. No. 1 at 6.   Thus, Lutton requests

---

[4] Under 28 C.F.R. § 2.213(b), the USPC "shall review the detainer upon request of the prisoner pursuant to the procedure set forth in [28 C.F.R. § 2.47(a)(2)]." 28 C.F.R. § 2.213(b). After the request is made by the subject of the detainer, the USPC has the option to:

(1) Withdraw the detainer and order reinstatement of the prisoner to supervision upon release from custody; (2) Order a dispositional revocation hearing to be conducted at

the Court to order his release because the USPC did not review the warrant. *See id.* However, the record shows that the USPC did not issue a warrant for Lutton's arrest because the USPC never paroled Lutton, and instead the authority to retake Lutton into federal custody came from the BOP's authority to recapture a prisoner that had escaped from custody. *See* Resp't Ex. 34, (Escape Status Letter). Therefore, the USPC was not the issuer of any warrant that was lodged as a detainer, and the requirements of 28 C.F.R. § 2.47(a) were not triggered. Thus, the Court finds no merit to Lutton's claim that he is entitled to be release because the USPC did not review the warrant.

To the extent that Lutton challenges the USPC's delay in conducting his rescission hearing, *see* Dkt. No. 1 at 4-6, such a challenge must fail. A delay in conducting a hearing is not itself a valid ground for immediate release, and instead the only appropriate relief is for a court to issue a writ of mandamus ordering the USPC to conduct the hearing only where a petitioner can show that the delay was unreasonable or prejudicial. *See Berg*, 735 F.2d at 379 n.3 (citing *Sutherland*, 709 F.2d at 732) ("Although the 36 month delay between Berg's state imprisonment and his revocation hearing did violate Commission regulations . . . Berg has alleged no facts showing that the delay was unreasonable or that it caused him prejudice. In this situation, Berg is entitled only to a writ of mandamus compelling compliance."); *Poynor v. U.S. Parole Com'n*, 878 F.2d 275, (9th Cir. 1989) (citing *Berg*, 735 F.2d 378, 379 n.3) ("[D]elay in the conduct of a parole revocation hearing would be a ground for a writ of mandamus to compel compliance with the statute . . . ."); *Vargas v. U.S. Parole Commission*, 865 F.2d 191, 194 (9th Cir. 1988) (petitioner needs to show prejudice to gain relief where USPC fails to meet ninety-day requirement of 28 C.F.R. § 2.49(f)). However, once the USPC has held a revocation hearing, the issue becomes moot and there are no grounds for a court to issue a writ of mandamus to order compliance with a regulatory obligation. *See Berg*, 735 F.2d at 379 n.3 (citing *Sutherland*, 709 F.2d at 732) ("Berg is entitled only to a writ of mandamus compelling compliance . . . , a remedy which is now moot because the required hearing has been

---

the institution in which the prisoner is confined; or (3) Let the detainer stand until the new sentence is completed. Following the execution of the Commission's warrant, and the transfer of the prisoner to an appropriate federal facility, an institutional revocation hearing shall be conducted.

*Id.* § 2.213(b).

held."). Respondent has provided proof that Lutton's rescission hearing took place on May 4, 2021. *See* Resp't Ex. 39, (Prehearing and Hearing Assessment at 5)). Lutton has failed to show that the USPC's delay in conducting the rescission hearing was unreasonable and prejudicial, and thus habeas relief is unavailable. *See id.* Because Lutton already has received the only appropriate relief—a hearing and a release date—his petition is now moot. Accordingly, respondent's motion to dismiss is GRANTED, and the Court DISMISSES Lutton's petition as moot.[5] Dkt. No. 12.

## CONCLUSION

For the foregoing reasons, respondent's motion to dismiss is GRANTED, and the Court DISMISSES Lutton's petition as moot.

**IT IS SO ORDERED**.

Dated: February 28, 2022

_____
SUSAN ILLSTON
United States District Judge

---

[5] Lutton attempts to raise several new claims in his traverse, *see* Dkt. No. 14-1 at 1-5, but a traverse is not the proper pleading to raise additional grounds for relief. *See Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994). Instead, if Lutton wishes to raise such claims, he may do so by raising them in a new petition in the appropriate district court in the Eastern Division of the Central District of California, where his custodian is located. *See Rumsfield v. Padilla*, 542 U.S. 426, 435 (2004) (Pursuant to 28 U.S.C. 2241, a district court is required to have jurisdiction over the custodian of the petitioner in order to entertain a petition for a writ of habeas corpus.); *Brown v. United States*, 610 F.2d 672, 677 (9th Cir. 1980) ("A petition under § 2241 must be addressed to the district court which has jurisdiction over [the petitioner] or his custodian.").